U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 1 5 2007

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

JOHN G. DEEMER, et al.
    Plaintiffs

versus

RICHARD STALDER, et al.
    Defendants

CIVIL ACTION NO. 06-cv-1775

JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK

## ORDER

Plaintiffs John G. Deemer and James Bland each filed a Motion for Class Certification in the above captioned matter. However, neither Deemer nor Bland carried their burden in satisfying the class action prerequisites set forth in Rule 23(a) and 23(b)(3). Specifically, both Deemer and Bland fail satisfy the requirement for adequate class representative.

Neither states in their motion who intends to act as class representative, and, assuming they each intend to act as class representative, they both fail to set forth the knowledge and/or experience they possess which would qualify them to act as class representative. Moreover, both Deemer and Bland are proceeding pro se, and a prisoner who acts pro se "is inadequate to represent his fellow inmates in a class action." Caputo v. Fauver, 800 F.Supp. 168, 169-170 (D.N.J. 1992); Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (10th Cir. 2000); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); Ethnic Awareness Org. v. Gagnon, 568 F.Supp. 1186, 1187 (E.D.Wis. 1983); Wright, Miller & Kane,

<u>Federal Practice and Procedure 2d: Civil</u> §1769.9, n.12. See, <u>McGrew v. Texas Bd. of Pardons & Paroles</u>, 47 F.3d 158, 162 (5th Cir. 1995).

Accordingly, IT IS ORDERED that the motions for class certification filed by both Deemer and Bland are DENIED.

THUS ORDERED AND SIGNED in Chambers at Alexandria, Louisiana, on this 15th day of June, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE