RECEIVED
IN ALEXANDRIA, LA
MAR 5 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JOHN G. DEEMER, et al.
    Plaintiffs

versus                             CIVIL ACTION NO. 06-cv-1775

RICHARD STALDER, et al.       JUDGE DEE D. DRELL
    Defendants              MAGISTRATE JUDGE JAMES D. KIRK

## Report and Recommendation

Before the court are complaints filed pursuant to 28 U.S.C. §1983, in forma pauperis, by pro se plaintiffs John Deemer ("Deemer"), James Bland ("Bland"), Charles Ray Sherman, Jr. ("Sherman"), Charles Nelson ("Nelson"), Wade Adams ("Adams") and John Farmer ("Farmer") on October 10, 2006, in the U.S. District Court of the Middle District of Louisiana. The complaints were consolidated and transferred to the Western District of Louisiana, Alexandria Division (Doc. Items 15, 16), and amended on January 19, 2007 (Doc. Item 41). The remaining defendants are Richard Stalder ("Stalder"), Secretary of the Louisiana Department of Corrections, Corrections Corporation of America ("CCA"), operator of the Winn Correctional Center ("WCC") in Winnfield, Louisiana, John D. Ferguson ("Ferguson"), a corrections officer employed at WCC, and Tim Wilkinson ("Wilkinson"), warden of WCC.[1]

Plaintiffs allege that while confined in WCC, they have been subjected to overcrowding, understaffed security and supervision,

---

[1] The other named defendants have been dismissed (Doc. Items 59, 65).

inadequate medical care, inadequate mental health care, lack of special accommodations for handicapped inmates, lack of assistance for mentally handicapped inmates, inadequate disciplinary procedures, and lack of access to the courts.[2] For relief, plaintiffs ask for declaratory judgements, injunctive relief, attorney's fees and costs and general and equitable relief.

Plaintiffs filed a supplemental complaint(Doc. Item 42) and two motions (Doc. Items 57, 58) in which they requested class certification. On November 26, 2007, the district judge ordered defendants to respond to plaintiffs' motions for class certification and ordered plaintiffs to supplement their motions by designating a class representative and by making the requisite showing of adequacy for class certification (Doc. Item 87). Both parties filed responses(Doc. Item 89, 91) and the motions for class certification are currently before the court for report and recommendation.

## Law and Analysis

In order for a lawsuit to be certified as a class action under Rule of Federal Procedure 23(b)(3), the mover must prove that the four prerequisites found in Rule 23(a) and the two additional requirements in Rule 23(b)(3) are met. <u>Mullen v. Treasure Chest Casino, LLC</u>, 186 F.3d 620,623 (5th Cir. 1999). Under Fed.R.Civ.P.

---

[2] Deemer is currently confined in the Allen Correctional Center in Kinder, Louisiana, but all other plaintiffs remain in the WCC.

23(a), an action may be maintained as a class action if it meets the criteria of numerosity, commonality, typicality and adequacy of representation. Mc.Grew v. Texas Bd. Of Pardons and Paroles, 47 F.3d 158, 161 (5th Cir. 1995). The requirements for Rule 23(b) "are 'predominance' and 'superiority': 'Common questions must predominate over any questions affecting only individual members', and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'" Mullen, 186 F.3d at 624, citing Anchem Products v. Windsor, 521 U.S. 591, 117 S.Ct. 2231, 2245, 138 L.Ed.2d 689 (1997), quoting Fed.R.Civ.P. 23(b)(3).

The district court has wide discretion in deciding whether or not to certify a proposed class. McGrew, 47 F.3d at 161. Also, Mullen, 186 F.3d at 624.

The motions for class certification filed by James Bland and John Deemer mirrored one another. Neither Bland nor Deemer set forth an argument as to how or why the requirements for class certification were met. They simply stated that all inmates in WCC had standing; some of those inmates sought injunctive relief; the proposed class consists of present and future inmates similarly situated to the plaintiffs who filed the lawsuit; and, the defendants acted or refused to act on grounds generally applicable to the class.

As one must do more than simply recite provisions of the class

action rule, the district judge ordered plaintiffs to designate a class representative and "make the requisite showing of adequacy". In response, plaintiffs named James Bland as their class representative and "pray[ed] that the filings in the case provide[d] the necessary requisite showing of adequacy."

Not only did this response fail to comply with the court's order, but it also placed the burden on the court to search through the voluminous docket to find those facts and arguments which supported class certification. Because the plaintiffs are proceeding pro se, the undersigned did in fact review the entire docket, and such was done with a liberal view. Nonetheless, the record lacks the requisite evidence to support certification of a class action.

With respect to numerosity, commonality and typicality, there is simply not enough evidence to conclude whether or not these requirements have and can be met by the plaintiffs. While plaintiffs contend the class is comprised of all the WCC inmates, both present and future, WCC's population is not a static number. Prisoners are moved from facility to facility, some are released after completing their sentences and others are moved in to commence serving theirs. Additionally, the prisoners themselves are not all alike. The plaintiffs complain of inadequate medical care and inadequate facilities for the handicap are problems plaguing WCC; however, none of the plaintiffs is either mentally or

physically ill nor mentally or physically handicapped. In fact, only one affiant, Lester Trussell, sets forth that he suffers from a mental illness and received better treatment at another prison (Doc. Item 54). Though it is questionable whether or not these requirements for class certification are met, it is the fourth requirement of adequacy of representation which presents the most problems for plaintiffs.

Plaintiffs designate Bland as their class representative and tout that he is responsible for filing many of the pleadings in this case. However, as all plaintiffs in the case, Bland is proceeding pro se. A lay person ordinarily does not possess the legal training and expertise necessary to protect the interests of a proposed class. Therefore, courts will not certify a class represented by a pro se litigant. The ability to protect the interests of the class depends in part on the quality of counsel, and the competence of a layman representing himself is generally too limited to allow him to risk the rights of others. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); Ethnic Awareness Org. v. Gagnon, 568 F.Supp. 1186, 1187 (E.D.Wis. 1983); Wright, Miller & Kane, Federal Practice and Procedure 2d: Civil §1769.9, n.12. See also, Lightborne, 118 F.3d at 425; McGrew, 47 F.3d at 161; Anderson v. Moore, 372 F.2d 747, 751 n.5 (5th Cir. 1967); McClain, 187 F.R.D. at 281; Washington v. CSC Credit Serv., Inc., 178 F.R.D. 95, 100 (E.D. La.), amended, 180 F.R.D. 309 (E.D. La. 1998).

5

In the instant case, Bland and his fellow plaintiffs were unable to articulate reasons for class certification. If Bland is unable to carry this initial burden of proof, it is unlikely that he possesses the skills necessary to vigorously prosecute the interests of the class. Because Bland is a prisoner acting pro se, he "is inadequate to represent his fellow inmates in a class action" and certification should be denied. Caputo v. Fauver, 800 F.Supp. 168, 169-170 (D.N.J. 1992); Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (10th Cir. 2000); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); Ethnic Awareness Org. v. Gagnon, 568 F.Supp. 1186, 1187 (E.D.Wis. 1983); Wright, Miller & Kane, Federal Practice and Procedure 2d: Civil §1769.9, n.12. See, McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 162 (5th Cir. 1995).

## Conclusion

Accordingly, IT IS RECOMMENDED that the plaintiffs motion for class certification be DENIED.

IT IS FURTHER RECOMMENDED that plaintiffs' complaints be SEVERED and that each plaintiff pursue his own action utilizing the prisoner civil rights complaint form and providing either full payment of the filing fee or an Application to Proceed In Forma Pauperis.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from

the service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections with **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON THE GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, on this 5th day of March 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE